

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,638-01

**EX PARTE CHARLES HARRIS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 11-0559-CR-A IN THE 274TH DISTRICT COURT
## FROM GUADALUPE COUNTY

*Per curiam*.  YEARY, J. filed a concurring opinion which SLAUGHTER, J. joined.

## O R D E R

Applicant was convicted of capital murder and sentenced to life imprisonment without parole.  The Fourth Court of Appeals affirmed his conviction.  *Harris v. State*, 04-12-00843-CR (Tex. App.—San Antonio March 19, 2014)(not designated for publication).  Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court.  *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective by failing to adequately investigate and challenge two witnesses' changing stories, failing to object to extraneous offense testimony regarding Applicant's drug use, failing to inform the judge of the State's non-response to a discovery request, failing to use prior statements to impeach State's witnesses

Singletary and Giles, failing to object to hearsay, failing to object to opinion regarding the veracity of certain information given to police, failing to object to the court's erroneous instruction on culpable mental state for capital murder and to the exclusion of the accomplice-witness instruction, and failing to object to improper jury argument. Applicant contends that appellate counsel was ineffective for failing to raise the issues of ineffective trial counsel and the trial court's denial of Applicant's right to represent himself at trial. Applicant also contends that a State's witness testified falsely that he was not receiving a benefit from his testimony against Applicant when he was.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order both trial and appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The trial court shall make findings as to whether any of the State's witnesses received benefit from their testimony and if so, whether they testified falsely when asked if they were receiving benefit for their testimony. The trial court may make any other findings and conclusions

that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 11, 2022
Do not publish